# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

FILED OCT 23 2015 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA
v.

Case Number: 1:15CR00039-001

MICHAEL ANTHONY RANDALL
AKA: Dvine tha Victorious Mack; Mack; Divine
Defendant.

USM Number: 85257-083
Defendant's Attorney: Christie A. Leary, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudicated guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §1591(a),(b)(2),(c) and 2 | Sex Trafficking of a Child | Felony | 01-27-2012 | 1 |

As pronounced on October 23rd, 2015, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 23rd day of October, 2015.

Liam O'Grady
United States District Judge

Defendant's Name: **RANDALL, MICHAEL ANTHONY**
Case Number: **1:15CR00039-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED (300) MONTHS, with credit for time served awaiting sentencing in this case.

The Court makes the following recommendation to the Bureau of Prisons:

    1) that the defendant be designated to FCC Beaumont, Texas, or FCC Oakdale, Texas, to be near family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) (WAED rev. 2) Judgment in a Criminal Case
Case 1:15-cr-00039-LO Document 33 Filed 10/23/15 Page 3 of 12 PageID# 172 Page 3 of 6
Sheet 3 – Supervised Release

Defendant's Name:     RANDALL, MICHAEL ANTHONY
Case Number:     1:15CR00039-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name: RANDALL, MICHAEL ANTHONY
Case Number: 1:15CR00039-001

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in substance abuse testing and treatment as directed by the probation officer, and shall assist in the costs of such testing and treatment.
2) The defendant shall participate in a mental health evaluation and shall undergo counseling as directed, which shall include anger management.
3) The defendant shall waive his privacy rights for substance abuse and mental health treatment so the probation officer can communicate freely with his treatment providers.
4) The defendant shall register as a sex offender in any state in which he lives, works, or attends school pursuant to the Adam Walsh Child Protection and Safety Act of 2006.
5) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.
6) The defendant shall either enroll in school/vocational training full-time or maintain full-time verifiable employment during the term of supervised release.
7) The defendant shall have no contact with any of the victims, witnesses, or co-conspirators.
8) The defendant shall pay restitution in the amount of $645,890.00 in monthly payments of $100.00 to begin 60 days upon release from confinement, as directed by the probation officer.

Defendant's Name:     RANDALL, MICHAEL ANTHONY
Case Number:          1:15CR00039-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $645,890.00 |
|  | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$100.00** | **$0.00** | **$645,890.00** |

## FINES

No fines have been imposed in this case.
The court waives the cost of supervision, imprisonment and supervised release.

## RESTITUTION

SEE ATTACHED RESTITUTION ORDER.

| | |
|---|---|
| Defendant's Name: | RANDALL, MICHAEL ANTHONY |
| Case Number: | 1:15CR00039-001 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $100.00 per month beginning 60 days after release from confinement. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    SEE Consent Order of Forfeiture entered by the Court on October 23, 2015.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:15-CR-39-LO |
| ) | |
| MICHAEL ANTHONY RANDALL, ) | |
| a.k.a. "Divine tha Victorious Mack," ) | |
| a.k.a. "Divine," ) | |
| a.k.a. "Mack," ) | |
| ) | |
| Defendant. ) | |

## RESTITUTION ORDER

1. Pursuant to 18 U.S.C § 3663A(a)(1) and 18 U.S.C. § 1593, the defendant is sentenced to pay restitution in the amount of **$645,890.00**

2. The victim of this offense is a minor. The victim's name and address will be provided to the Court under separate cover.

3. Interest:

   ✓ is waived.

   _____ accrues as provided in 18 U.S.C § 3612(f).

4. Notwithstanding any other provision of this Restitution Order, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time.

5. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

6. If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $150. per month or 25 percent of net income, whichever is greater, beginning 60 days after release from any period of confinement.

7. All payments shall be made to the Clerk of Court, United States District Court, 401 Courthouse Square, Alexandria, Virginia 22314.

8. Within 30 days of (a) any change of name, residence, or mailing address; and (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

9. No delinquent or default penalties will be imposed except upon Order of the Court.

_____
The Honorable Liam O'Grady
United States District Court Judge

ENTERED this 6th day of Feb, 2015.
at Alexandria, Virginia.

WE ASK FOR THIS:

Dana J. Boente
United States Attorney

_____
Michael J. Frank
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: 703-299-3700

SEEN AND AGREED:

Michael Anthony Randall
Defendant

_____
Christie A. Leary
Counsel for Defendant
10476 Armstrong Street
Fairfax, Virginia 22030
Telephone: 703-359-7111

2

## REDACTED ATTACHMENT A TO RESTITUTION ORDER

| Victim: | Restitution Amount: |
|---|---|
| "TH" | $91,840.00 |
| "CS" | $30,800.00 |
| "TAS" | $523,250.00 |
| Total due from Defendant: | $645,890.00 |



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:15-CR-39-LO |
| ) | |
| MICHAEL ANTHONY RANDALL, ) | |
|    a.k.a. "Divine tha Victorious Mack," ) | |
|    a.k.a. "Divine," ) | |
|    a.k.a. "Mack," ) | |
| ) | |
|    Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on February 6, 2015, the defendant, Michael Anthony Randall, a.k.a. "Divine tha Victorious Mack," a.k.a. "Divine," a.k.a. "Mack," waived indictment and pled to a single-count information charging the defendant with Sex Trafficking of a Child, in violation of Title 18, United States Code, Section 1591(a), (b)(2), and (c), and agreed to the entry of a money judgment of $645,890, which is less than the gross amount of proceeds the defendant obtained from prostituting and sex trafficking three victims, and to the forfeiture of all interests in any assets relating to prostitution, sex-trafficking, and conspiracy to commit sex trafficking, that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or facilitating property or property involved in the offense, or facilitating property or property involved in the offense.

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1), and 18 U.S.C. § 1594 (d) & (e) and 18 U.S.C. § 2461(c), against the defendant, Michael Anthony Randall, for $645,890, an amount which represents illegal proceeds the defendant obtained from prostituting and sex-trafficking, and conspiracy to commit sex-trafficking, an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3).

4. Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

Dated this 23rd day of October 2015.

WE ASK FOR THIS:

    Dana J. Boente
    United States Attorney

By: _____
    Michael J. Frank
    Assistant United States Attorney

_____
Michael Anthony Randall
Defendant

_____
Christie A. Leary, Esq.
Counsel for the Defendant

/s/ _____
Liam O'Grady
United States District Judge

3